# EXHIBIT B

AIG Property Casualty
Claims Legal

MAR 12 2020

RECEIVED

**CUTOLO BARROS LLC**
Karyn Kennedy Branco, Esq. (030971993)
46-50 Throckmorton Street
Freehold, New Jersey 07728
Tel.: (732) 414-1170
Fax: (732) 414-1167
Attorneys for Plaintiff The Ocean Club at Mantoloking Condominium Association, Inc.

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

| | |
|---|---|
| THE OCEAN CLUB AT MANOLOKING CONDOMINIUM ASSOCIATION, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: OCEAN COUNTY Docket No. OCN-L-3503-18 |
| Plaintiff, | Civil Action |
| v. | **SUMMONS** |
| LEXINGTON INSURANCE COMPANY AND MACKOUL RISK SOLUTIONS, LLC | **RECEIVED** |
| Defendants | MAR 10 2020 |
| | LEGAL DEPARTMENT |

**From the State of New Jersey**

**To the Defendant(s) named above:**          Lexington Insurance Company

The Plaintiff named above has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must

1

also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle M. Smith*

Michelle M. Smith
Clerk of the Superior Court

DATED: March 6, 2020
**From the State of New Jersey**
**To the Defendant(s) named below:**

Lexington Insurance Company
99 High Street, Floor #24
Boston, Massachusetts 02110-2378

| ATLANTIC COUNTY | GLOUCESTER COUNTY | OCEAN COUNTY |
|---|---|---|
| Deputy Clerk of the Superior Court Civil Division, Direct Filing 1201 Bacharach Boulevard, 1st Floor Atlantic City, NJ 08401 Lawyer Referral: (609) 345-3444 Legal Services: (609) 348-4200 | Deputy Clerk of the Superior Court Civil Case Management Office, Att: Intake 1st Floor, Court House 1 North Broad Street, P.O. Box 129 Woodbury, NJ 08096 Lawyer Referral: (856) 848-4589 Legal Services: (856) 848-5360 | Deputy Clerk of the Superior Court Court House, Room 121 118 Washington Street Toms River, NJ 08754 Lawyer Referral: (732) 240-3666 Legal Services: (732) 341-2727 |
| BERGEN COUNTY | HUDSON COUNTY | PASSAIC COUNTY |
| Deputy Clerk of the Superior Court Case Processing Section, Room 119 Justice Center, 10 Main Street Hackensack, NJ 07601-0769 Lawyer Referral: (201) 488-0044 Legal Services: (201) 487-2166 | Deputy Clerk of the Superior Court Superior Court, Civil Records Dept. Brennan Court House - First Floor 583 Newark Avenue Jersey City, NJ 07306 Lawyer Referral: (201) 798-2727 Legal Services: (201) 792-6363 | Deputy Clerk of the Superior Court Civil Division Court House, 77 Hamilton Street Paterson, NJ 07505 Lawyer Referral: (973) 314-9223 Legal Services: (973) 523-2900 |
| BURLINGTON COUNTY | HUNTERDON COUNTY | SALEM COUNTY |
| Deputy Clerk of the Superior Court Central Processing Office, Judicial Intake 1st Floor - Courts Facility 49 Rancocas Road Mt. Holly, NJ 08060 Lawyer Referral: (609) 261-4862 Legal Services: (609) 261-1088 | Deputy Clerk of the Superior Court Civil Division 65 Park Avenue Flemington, NJ 08862 Lawyer Referral: (908) 236-6109 Legal Services: (908) 782-7979 | Deputy Clerk of the Superior Court 92 Market Street, P.O. Box 18 Salem, NJ 08079 Lawyer Referral: (856) 935-5629 Legal Services: (856) 691-0494 |
| CAMDEN COUNTY | MERCER COUNTY | SOMERSET COUNTY |
| Deputy Clerk of the Superior Court Civil Processing Office 1st Floor - Hall of Records 101 S. Fifth Street Camden, NJ 08103 Lawyer Referral: (856) 482-0618 Legal Services: (856) 964-2010 | Deputy Clerk of the Superior Court Local Filing Office, Courthouse 175 South Broad Street, P.O. Box 8068 Trenton, NJ 08650 Lawyer Referral: (609) 585-6200 Legal Services: (609) 695-6249 | Deputy Clerk of the Superior Court Civil Division Office 40 North Bridge Street P.O. Box 3000 Somerville, NJ 08876 Lawyer Referral: (908) 685-2323 Legal Services: (908) 231-0840 |
| CAPE MAY COUNTY | MIDDLESEX COUNTY | SUSSEX COUNTY |
| Deputy Clerk of the Superior Court 9 N. Main Street, Box DN-209 Cape May Court House, NJ 08210 Lawyer Referral: (609) 463-0313 Legal Services: (609) 465-3001 | Deputy Clerk of the Superior Court 2nd Floor - Tower 56 Paterson Street P.O. Box 2633 New Brunswick, NJ 08903-2633 Lawyer Referral: (732) 828-0053 Legal Services: (732) 249-7600 | Deputy Clerk of the Superior Court Sussex County Judicial Center 43-47 High Street Newton, NJ 07860 Lawyer Referral: (973) 267-5882 Legal Services: (973) 383-7400 |
| CUMBERLAND COUNTY | MONMOUTH COUNTY | UNION COUNTY |
| Deputy Clerk of the Superior Court Civil Case Management Office 60 West Broad Street, P.O. Box 10 Bridgeton, NJ 08302 Lawyer Referral: (856) 696-5550 Legal Services: (856) 691-0494 | Deputy Clerk of the Superior Court 71 Monument Park, P.O. Box 1269 Freehold, NJ 07728-1262 Lawyer Referral: (732) 431-5544 Legal Services: (732) 866-0020 | Deputy Clerk of the Superior Court 1st Floor, Court House 2 Broad Street Elizabeth, NJ 07207-6073 Lawyer Referral: (908) 353-4715 Legal Services: (908) 354-4340 |
| ESSEX COUNTY | MORRIS COUNTY | WARREN COUNTY |
| Deputy Clerk of the Superior Court 465 Dr. Martin Luther King, Jr. Blvd Hall of Records, Room 201 Newark, NJ 07102 Lawyer Referral: (973) 622-6204 Legal Services: (973) 624-4500 | Deputy Clerk of the Superior Court Civil Division Washington & Court Streets P.O. Box 910 Morristown, NJ 07963-0910 Lawyer Referral: (973) 267-5882 Legal Services: (973) 285-6911 | Deputy Clerk of the Superior Court Civil Division Office Court House 413 Second Street Belvidere, NJ 07823-1500 Lawyer Referral: (908) 859-4300 Legal Services: (908) 475-2010 |



# CUTOLO **CB** BARROS L.L.C

## ATTORNEYS AT LAW

| NORTH JERSEY | CENTRAL JERSEY | SOUTH JERSEY |
|---|---|---|
| One Gateway Center, Suite 2600 | 46 - 50 Throckmorton Street | 923 Haddonfield Road, Suite 300 |
| Newark, New Jersey 07102 | Freehold, New Jersey 07728 | Cherry Hill, New Jersey 08002 |
| (973) 285-3048 | (732) 414-6529 phone | (856) 324-8237 |
| | (732) 414-1167 fax | |
| | www.cutolobarros.com | |

**REPLY TO FREEHOLD**

March 5, 2020

<u>Via Electronic Filing</u>

Clerk, Superior Court of New Jersey
Ocean County Courthouse
Law Division
118 Washington Street
Toms River, NJ 08754

   *Re: The Ocean Club at Mantoloking Condominium Association, Inc., v. Lexington*
     *Insurance Company, et al.*

Dear Sir/Madam:

  Cutolo Barros LLC represents the Plaintiff, Ocean Club at Mantoloking Condominium Association, Inc. (the "Plaintiff" and/or the "Association"). Enclosed for filing is the Plaintiff's Complaint and Civil Case Information Statement.

  Kindly forward a filed copy to our office via electronically.  Please charge our firm Account, No. **141993**, for any related fees.  We appreciate your time and attention in this matter.

       Very truly yours,

       Karyn Kennedy Branco, Esq.

KKB/mf
Enclosures

A
1
1
G

0
L
0
2

3
/
1
2
/
2
0
2
0

**CUTOLO BARROS LLC**
46-50 Throckmorton Street
Freehold, New Jersey 07728
Phone: (732) 414-1170
Fax: (732) 414 1167
*Karyn Kennedy Branco, Esq. (ID #030971993)*
kkennedybranco@cutolobarros.com
Attorneys for Plaintiff Ocean Club at
Mantoloking Condominium Association, Inc.

| | |
|---|---|
| THE OCEAN CLUB AT MANTOLOKING CONDOMINIUM ASSOCIATION, INC., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: OCEAN COUNTY |
| Plaintiff, | Docket No. OCN-L |
| v. | Civil Action |
| LEXINGTON INSURANCE COMPANY AND MACKOUL RISK SOLUTIONS, LLC, | **COMPLAINT** |
| Defendants. | |

Plaintiff Ocean Club at Mantoloking Condominium Association, Inc. (the "Plaintiff"

and/or the "Association"), by way of Complaint against Defendants Lexington Insurance

Company ("Lexington") and Mackoul Risk Solutions, LLC ("Mackoul") (collectively, the

"Defendants") says:

### Nature of the Action and Facts Common to All Counts

1. This is an action for declaratory and other relief arising out of existing and actual

   controversies between and among Plaintiff and Lexington concerning, *inter alia*, the

   respective rights and obligations under the Lexington policy no. 41-LX-062648755-1 for the

   policy period of February 1, 2019 through February 1, 2020 (the "Policy") insuring the

   Plaintiff's property and its members property located in Mantoloking, New Jersey (the

   "Property") under which the Plaintiff is the named insured. As set forth more fully below,

   Plaintiff seeks, *inter alia*, a declaration that Lexington is obligated under the Policy to, *inter*

*alia*, provide coverage for and remit payment for a certain fire loss for which Plaintiff timely filed claims which have been improperly administered and wrongfully denied by Lexington.

2. Plaintiff further seeks a declaration that Mackoul failed to recommend and obtain the proper insurance coverage for the Association which has caused damage to the Association.

3. Upon information and belief, Lexington is an insurance company licensed and/or authorized to do business in the State of New Jersey and/or which has, within the time periods relevant to this litigation, transacted business in the State of New Jersey, by engaging in a series of acts within the State for the purpose thereby of realizing pecuniary benefit, including contracting to supply services in New Jersey and to insure persons, property or risks located within New Jersey. Lexington is located at 99 Hight St., Floor 24, Boston, Massachusetts 02110-2378.

4. Upon information and belief, Mackoul, in an insurance agency authorized to do business in the State of New Jersey with its primary business address of 55 Madison Avenue, Suite 400, Morristown, New Jersey 07960-7397.

5. Plaintiff is a condominium association that was created by virtue of the Master Deed recorded on August 15, 1985, Deed Book 4333, Page 819 in the Office of the Clerk of Ocean County and the Certificate of Incorporation.

6. In accordance with Plaintiff's Master Deed, Certificate of Incorporation, and By-Laws of Plaintiff (collectively, the "Governing Documents"), Plaintiff is responsible for the operation, administration, management, and/or regulation of the Association, and all common elements and buildings contained therein, which are located in Mantoloking, County of Ocean, New Jersey.

7. The Association consists of certain common property and condominium units within five

buildings.

8. At all times relevant hereto, Mackoul acted as an agent to procure the insurance for the Association from Lexington and/or otherwise consulted with and provided professional advice to Plaintiff relating to the procurement of insurance.

9. Mackoul procured the Policy from Lexington for the policy period of February 1, 2019 through February 1, 2020, covering, *inter alia*, the Property.

10. Replacement costs for the damage suffered by the Plaintiff far exceed the coverage obtained by Mackoul for potential loss that the Association could anticipate incurring during the applicable policy period.

11. Lexington issued the Policy covering the policy period from February 1, 2019 through February 1, 2020, covering, *inter alia*, the Property.

12. During the period of the Policy, there was a fire loss on the Property occurring on April 3, 2019. Plaintiff timely submitted a claim of loss to Lexington relating to the fire loss and resultant damage (the "Claim").

13. Rather than properly investigate and administer the Claim to ascertain the appropriate scope of insurance coverage and insurance proceeds to be remitted to the Plaintiff for the fire loss in accordance with its obligations under the Policy, the reasonable expectations of the insured as to the Policy, applicable law and public policy as expressed in, *inter alia*, N.J.S.A. 17:29B-4 (9), Lexington embarked upon a strategy of delay and denial as to the appropriate scope of insurance coverage and the duly owed monies to be paid to Plaintiff for the fire loss. Further, despite Lexington's obligations under the Policy, the reasonable expectations of the insured as to the Policy, applicable law and public policy, Lexington proceeded on a deliberate course to

improperly deny the scope of coverage due to Plaintiff and thereby proceeded to delay and thwart Plaintiff's efforts to rebuild the Property.

14. There is an implied covenant of good faith and fair dealing in every contract. Lexington has failed to deal fairly and in good faith with Plaintiff by its failure and refusal to pay the full amounts due to Plaintiff under the Policy, despite Plaintiff's repeated claims, requests, and demands.

15. Lexington has adjusted and continues to adjust Plaintiff's fire loss claim in bad faith and has breached the implied covenant of good faith and fair dealing.

16. The fire loss is a covered loss under the Policy.

17. Lexington and its agents repeatedly, knowingly and intentionally misrepresented the terms of the Policy in order to avoid its obligations under the Policy.

18. Lexington's failures have led to a substantial delay of the reconstruction of the Property.

19. Despite having (a) no debatable reason for its coverage position and (b) knowingly or recklessly disregarding that it had no debatable basis for its coverage position, Lexington still delayed administration of the fire loss claim, has failed to remit monies due and owing under the Policy and continues to deny its obligations under the Policy for adjustment and payment of the fire loss claim.

20. Lexington has adjusted Plaintiff's claim in bad faith and in violation of its fiduciary duties owed to its insured.

21. Lexington's conduct is egregious and tortious.


## COUNT I

4

(Declaratory Judgment Against Lexington)

22. Plaintiff repeats and realleges the allegations set forth above as if same were fully set forth herein at length.

23. Lexington issued the policy insuring the Property as described above.

24. Upon proper tender to Lexington of the claims by Plaintiff regarding damages to the Property, Lexington wrongfully, without a reasonable basis for doing so, with at least a reckless indifference to facts or proofs submitted by or on behalf of Plaintiff concerning where coverage for the claimed losses was not fairly debatable, acted in bad faith in denying coverage.

25. The conduct of Lexington in denying coverage in this matter constitutes egregious circumstances warranting an award of punitive damages against Lexington in this matter.

26. All conditions precedent, if any, set forth in the Policy have either been satisfied or waived, or are the subject of an estoppel.

27. Lexington has and continues to fail and/or refuse to honor its obligations to Plaintiff to, *inter alia*, provide coverage.

28. Plaintiff, as the Policy holder, disputes the contentions by Lexington concerning its coverage position, which Plaintiff contends are contrary to the applicable case law in New Jersey.

29. Therefore, an actual controversy exists with respect to Lexington's coverage obligations under the afore-described insurance policy.

30. Declaratory relief from this Court will terminate the dispute between and among the parties, concerning Lexington's coverage obligations, arising from the referenced Policy.

31. A judicial declaration is necessary to establish Plaintiff's rights under the afore-described insurance Policy including, but not limited to, costs associated with Plaintiff and its members

inability to reside in or otherwise make use of the Property.

32. Plaintiff seeks and is entitled to a declaration from this Court that the Policy issued by Lexington as described herein provides coverage for all of the losses claimed by Plaintiff in connection with the Property.

**WHEREFORE,** Plaintiff demands judgment against Lexington for a declaration that *Lexington is responsible to provide coverage under the afore-described Policy issued by Lexington* for all losses claimed by Plaintiff in connection with the Property, but not limited damages, together with attorneys' fees, costs of suit and any other such relief as the Court may deem equitable and just.

## COUNT II
(Breach of Contract Against Lexington and Mackoul)

33. Plaintiff repeats and reallege the allegations set forth above as if same were fully set forth herein at length.

34. In connection with the Policy, Lexington and Mackoul had obligations to perform their duties in a manner so as to ensure, *inter alia*, that (a) the Policy would be consistent with the representations made by them as to coverage, service and investigation of claims, (b) the Policy would provide coverage and claims would be investigated in accordance with the reasonable expectations of the insured(s), (c) the insured(s) would be specifically alerted to types of losses for which Lexington would not provide coverage so as to enable the insured(s) to obtain alternative coverage more consistent with their needs and expectations and (d) that all claims made under the Policy would be handled and disposed of (i) consistent

6

with Defendants' express representations, (ii) in accordance with the reasonable expectations

of the insured(s) and (iii) so as not to deny coverage for losses with respect to which

Defendants did not specifically alert the insured(s) that there would be no coverage.

35. The terms of the Policy, the manner in which the Policy was issued and the handling of the

claims were dictated solely by Defendants.

36. The terms of the Policy provide coverage for the losses at issue or are at least ambiguous in

this regard.

37. Defendants have breached their contractual obligations to Plaintiff by, *inter alia*, failing to

ensure that (a) the Policy would be consistent with Defendants' express representations to

Plaintiff, (b) the Policy would provide coverage in accordance with the reasonable

expectations of the insured(s), (c) the insured(s) would be specifically alerted to types of

losses for which Lexington would not provide coverage so as to enable the insured(s) to

obtain alternative coverage more consistent with their needs and expectations, (d) that all

claims made under the Policy would be handled and disposed of (i) consistent with

Lexington's express representations to Plaintiff, (ii) in accordance with the reasonable

expectations of the insured(s) and (iii) so as not to deny coverage for losses with respect to

which Defendants did not specifically alert the insured(s) that there would be no coverage

and (e) denying the claim and engaging in conduct designed to cause even greater damages

to Plaintiff.

38. As a proximate result of the breaches of Defendants of their contractual obligations under the

Policy and applicable law, Plaintiff has suffered and is continuing to suffer damages and

Defendants are liable to Plaintiff for any and all damages Plaintiff had or may incur as a

result of Lexington's denial of coverage here including, but not limited to, compensatory damages, consequential damages, punitive damages, interest, costs of suit and attorneys' fees and costs.

**WHEREFORE,** Plaintiff demands judgment against Defendants for a declaration that Lexington is responsible to provide coverage under the afore-described Policy issued by Lexington for all losses claimed by Plaintiff in connection with the Property, reformation of the Policy to the extent necessary to provide such coverage and for compensatory, consequential, punitive and treble damages together with attorneys' fees, costs of suit and any other such relief as the Court *may deem equitable and just.*

## THIRD COUNT
### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against Lexington and Mackoul)

39. *Plaintiff repeats and reallege the allegations set forth above as if same were fully set forth herein at length.*

40. There is an implied covenant of good faith and fair dealing in every contract. Defendants have failed to deal fairly and in good faith with Plaintiff in its failure and refusal to pay the full amounts due to Plaintiff under the Policy, despite Plaintiff's repeated claims, requests, and demands.

41. As a result of the conduct of Defendants as set forth above and possibly otherwise, Defendants have breached the covenant of good faith and fair dealing implied in their contractual relationships with Plaintiff.

42. As a proximate result of the breaches of Defendants of their contractual obligations as set

forth above and possibly otherwise, Plaintiff has suffered and is continuing to suffer damages and Defendants are liable to Plaintiff for any and all damages Plaintiff may incur as a result of Lexington's denial of coverage here including, but not limited to, compensatory damages, consequential damages, punitive damages, interest, costs of suit and attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants for a declaration that Lexington is responsible to provide coverage under the afore-described Policy issued by Lexington for all losses claimed by Plaintiff in connection with the Property, reformation of the Policy to the extent necessary to provide such coverage and for compensatory, consequential, punitive and treble damages together with attorneys' fees, costs of suit and any other such relief as the Court may deem equitable and just.

## FOURTH COUNT
(Bad Faith in Issuance of Policy and Denial of claim against Lexington and Mackoul)

43. Plaintiff repeats and realleges the allegations set forth above as if same were fully set forth herein at length.

44. In connection with the Policy, Lexington and Mackoul had obligations to perform their duties in a manner so as to ensure, *inter alia*, that (a) the Policy would be consistent with Defendants' express representations to Plaintiff, (b) the Policy would provide coverage in accordance with the reasonable expectations of the insured(s), (c) the insured(s) would be specifically alerted to types of losses for which Lexington would not provide coverage so as to enable the insured(s) to obtain alternative coverage more consistent with their needs and

9

expectations, (d) that all claims made under the Policy would be handled and disposed of (i) consistent with Defendants' express representations to Plaintiff, (ii) in accordance with the reasonable expectations of the insured(s) and (iii) so as not to deny coverage for losses with respect to which Defendants did not specifically alert the insured(s) that there would be no coverage and (e) denying the claim and engaging in conduct designed to cause even greater damages to Plaintiff.

45. In connection with the Policy and claims made by Plaintiff, Defendants breached these obligations and acted in bad faith in connection with the issuance of the Policy and the denial of the Claim by, *inter alia*, (a) making misrepresentations and false advertising of policy contracts in connection with what would be covered under the Policy and the manner in which claim would be handled and making misleading representations and misrepresentations as to the true nature of coverage under the Policy and the way in which claims would be handled in connection with the Policy for the purpose of inducing or tending to induce Plaintiff to purchase the Policy, (b) making, publishing, disseminating, circulating, or placing before the public, or causing, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public in newspapers, magazines or other publications and/or in the form of notices, circulars, pamphlets, letters or posters, or over any radio station, or in any other way, advertisements, announcements or statements containing any assertion, representation or statement with respect to the coverage that would be provided by Lexington which were untrue, deceptive or misleading, (c) misrepresenting pertinent facts or insurance policy provisions relating to coverage under the Policy, (d) failing to adopt and implement reasonable standards for the prompt investigation of claims

10

arising with respect to the Policy and the claim, (e) refusing to pay the claim without conducting a reasonable investigation based upon all available information, (f) not attempting in good faith to effectuate prompt, fair and equitable settlement of the claim in which liability has become reasonably clear, (g) compelling the insured(s) to institute litigation to recover amounts due under the Policy in connection with the claim and (h) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claim.

46. As a proximate result of the wrongful conduct of Defendants in connection with the Policy and the denial of the claim as set forth above and possibly otherwise, Plaintiff has suffered and is continuing to suffer damages and Defendants are liable to Plaintiff for any and all damages Plaintiff has or may incur as a result of Lexington's denial of coverage here including, but not limited to, compensatory damages, consequential damages, punitive damages, interest, costs of suit and attorneys' fees and costs.

**WHEREFORE,** Plaintiff demands judgment against Defendants for a declaration that Lexington is responsible to provide coverage under the afore-described Policy issued by Lexington for all losses claimed by Plaintiff in connection with the Property, reformation of the Policy to the extent necessary to provide such coverage and for compensatory, consequential, punitive and treble damages together with attorneys' fees, costs of suit and any other such relief as the Court may deem equitable and just.

## FIFTH COUNT
(Equitable and Constructive Fraud against Lexington and Mackoul)

47. Plaintiff repeats and realleges the allegations set forth above as if same were fully set forth herein at length.

48. As set forth above and possibly otherwise, Lexington and Mackoul misrepresented to Plaintiff, *inter alia*, the true nature of what losses would be covered by Lexington under the Policy, the intentions of Lexington in connection with investigating and paying claims in connection with the Policy and the scope of the obligations of Lexington under the Policy.

49. These misrepresentations were made with the intent that Plaintiff rely thereon and to induce Plaintiff to insure with Lexington and purchase the Policy.

50. Plaintiff reasonably relied on these misrepresentations to its detriment.

51. As a proximate result of the wrongful conduct of Defendants in connection with the Policy and the denial of the claim as set forth above and possibly otherwise, Plaintiff has suffered and is continuing to suffer damages and Defendants are liable to Plaintiff for any and all damages Plaintiff has or may incur as a result of Lexington's denial of coverage here including, but not limited to, reformation of the Policy to the extent necessary to provide coverage for all losses claimed by Plaintiff, compensatory damages, consequential damages, punitive damages, interest, costs of suit and attorneys' fees and costs. In addition, to the extent the current terms of the Policy are deemed not to cover the losses at issue, Plaintiff is entitled to reformation of the Policy to cover the losses at issue.

**WHEREFORE**, *Plaintiff demands judgment against Defendants for a declaration that* Lexington is responsible to provide coverage under the afore-described Policy issued by Lexington for all losses claimed by Plaintiff in connection with the Property, reformation of the Policy to the extent necessary to provide such coverage and for compensatory, consequential, punitive and

12

treble damages together with attorneys' fees, costs of suit and any other such relief as the Court

may deem equitable and just.

### SIXTH COUNT
(Fraud against Lexington and Mackoul)

52. Plaintiff repeats and realleges the allegations set forth above as if same were fully set forth

    herein at length.

53. As set forth above and possibly otherwise, Lexington and Mackoul misrepresented to

    Plaintiff, *inter alia*, the true nature of what losses would be covered by Lexington under the

    Policy, the intentions of Lexington in connection with investigating and paying claims in

    connection with the Policy and the scope of the obligations of Lexington under the Policy.

54. These misrepresentations were made with the intent that Plaintiff rely thereon and to induce

    Plaintiff to insure with Lexington and purchase the Policy.

55. Plaintiff reasonably relied on these misrepresentations to its detriment.

56. As a proximate result of the wrongful conduct Defendants in connection with the Policy and

    the denial of the claim as set forth above and possibly otherwise, Plaintiff has suffered and is

    continuing to suffer damages and Defendants are liable to Plaintiff for any and all damages

    Plaintiff has or may incur as a result of Lexington's denial of coverage here including, but

    not limited to, reformation of the Policy to the extent necessary to provide coverage for all

    losses claimed by Plaintiff, compensatory damages, consequential damages, punitive

    damages, interest, costs of suit and attorneys' fees and costs.  In addition, to the extent the

    current terms of the Policy are deemed not to cover the losses at issue, Plaintiff is entitled to

reformation of the Policy to cover the losses at issue.

**WHEREFORE**, Plaintiff demands judgment against Defendants for a declaration that Lexington is responsible to provide coverage under the afore-described Policy issued by Lexington for all losses claimed by Plaintiff in connection with the Property, reformation of the Policy to the extent necessary to provide such coverage and for compensatory, consequential, punitive and treble damages together with attorneys' fees, costs of suit and any other such relief as the Court may deem equitable and just.

## SEVENTH COUNT
(Consumer Fraud Act against Lexington and Mackoul)

57. Plaintiff repeats and realleges the allegations set forth above as if same were fully set forth herein at length.

58. The New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et. seq.* (the "CFA"), prohibits, *inter alia*:

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing[ ] concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been mislead, [sic] deceived or damaged thereby . . .

59. The Policy and the handling and disposition of the claim here are subject to the CFA.

60. As set forth above and possibly otherwise, Defendants have violated the CFA by inducing Plaintiff to insure with Lexington and purchase the Policy by, *inter alia*, unconscionable commercial practices, deception, fraud, false pretense, misrepresentation, knowing

concealment, suppression and/or omission of its intentions with respect to the coverage under the Policy and the manner in which it would investigate and pay claims in connection with the Policy.

61. As a result of the violations of the CFA by Defendants, Plaintiff has suffered ascertainable losses in connection with the Policy and the denial of the claim as set forth above and possibly otherwise, Plaintiff has suffered and is continuing to suffer damages and Defendants are jointly and severally liable to Plaintiff for any and all damages Plaintiff has or may incur as a result of Lexington's denial of coverage here including, but not limited to, compensatory damages, consequential damages, treble damages, punitive damages, interest, costs of suit and attorneys' fees and costs.

**WHEREFORE,** Plaintiff demands judgment against Defendants for a declaration that Lexington is responsible to provide coverage under the afore-described Policy issued by Lexington for all losses claimed by Plaintiff in connection with the Property, reformation of the Policy to the extent necessary to provide such coverage and for compensatory, consequential, punitive and treble damages together with attorneys' fees, costs of suit and any other such relief as the Court may deem equitable and just.

## EIGHTH COUNT
(Breach of Fiduciary Duty Against Mackoul)

62. Plaintiff repeats and realleges the allegations set forth above as if same were fully set forth herein at length.

63. Mackoul represented that it was experienced in the area of insurance procurement for

condominium associations.

64. Based upon the representations of Mackoul, Plaintiff retained the services of Mackoul for procurement of the Association's insurance policies.

65. Plaintiff requested that Mackoul procure the appropriate and adequate insurance coverage insurance for the Property reflecting the value of the buildings, units, and common property within the Association.

66. Plaintiff fully believed and understood, based upon its communication with Mackoul, that the insurance procured by Mackoul for the Plaintiff would provide full coverage in the event of a loss such as the one experienced on April 3, 2019 and thereafter.

67. Plaintiff relied upon the representations of Mackoul that adequate insurance coverage would be procured for the Plaintiff which would provide full insurance coverage to the Plaintiff and the Property in the event of a covered loss such as the one it experienced on April 3, 2019 and thereafter.

68. Mackoul failed to procure adequate insurance coverage for the Plaintiff and the

69. Mackoul failed to advise the Plaintiff insurance coverage commensurate with the Plaintiff's expectations and requirements was not obtained for the Plaintiff and the Property.

70. Mackoul failed to exercise reasonable skill, care, or diligence in procuring adequate insurance coverage for the Plaintiff and the Property.

71. As a result of the fire which occurred on April 3, 2019, Plaintiff suffered property damage for which insurance coverage was insufficient and inadequate.

72. The insurance coverage procured by Mackoul resulted in Lexington denying Plaintiff's claim and providing insufficient proceeds for the claim.

73. As a result of Mackoul's failure to procure adequate insurance for the Plaintiff and the Property, Plaintiff has incurred, and continues to incur, damages proximately caused by Mackoul's failure to exercise reasonable skill, care, or diligence in procuring insurance coverage for the Plaintiff and the Property.

**WHEREFORE,** Plaintiff demands judgment against Defendants for a declaration that Lexington is responsible to provide coverage under the afore-described Policy issued by Lexington for all losses claimed by Plaintiff in connection with the Property, reformation of the Policy to the extent necessary to provide such coverage and for compensatory, consequential, punitive and treble damages together with attorneys' fees, costs of suit and any other such relief as the Court may deem equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to *R.* 4:35-1 for all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule. 4:25-4, Hubert C. Cutolo, Esq is hereby designated as trial counsel for Plaintiff in the within matter.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that Defendants disclose to Plaintiff's counsel whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's counsel attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall

17

include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

**CUTOLO BARROS LLC**
*Counsel for Plaintiff The Ocean Club at*
*Mantoloking Condominium Association, Inc.*

Dated: 3/5/20

By: _____
KARYN KENNEDY BRANCO, ESQ.

## NON-JOINDER CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)

I hereby certify pursuant to R. 4:5-1 that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration proceeding currently pending before this Court, no other action or arbitration proceeding is contemplated at this time and I am currently unaware of any other parties who should be joined in this action.

**CUTOLO BARROS LLC**
*Counsel for Plaintiff The Ocean Club at*
*Mantoloking Condominium Association, Inc.*

Dated: 3/5/20

By: _____
KARYN KENNEDY BRANCO, ESQ.

## PERSONAL IDENTIFIER CERTIFICATION PURSUANT TO RULE 4:5-1(b)(3)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in

accordance with Rule 1:38-7(b).

**CUTOLO BARROS LLC**
*Counsel for Plaintiff The Ocean Club at*
*Mantoloking Condominium Association, Inc.*

Dated:        3/5/20          By: _____
                                        KARYN KENNEDY BRANCO, ESQ.

19

**Appendix XII-B1**



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed**
**or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Karyn Kennedy Branco | (732) 414-1170 | Ocean |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
| --- | --- |
| Cutolo Barros LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| 46-50 Throckmorton Street Freehold, NJ 07728 | Complaint |
| | JURY DEMAND  ■ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| The Ocean Club at Mantoloking Condominium Association, Inc., Plaintiff | The Ocean Club at Mantoloking Condominium Association, Inc., v. Lexington Insurance Company, et al. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ■ YES  ☐ NO |
| --- | --- | --- |
| 599 | ☐ YES  ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
| --- | --- |
| ☐ Yes  ■ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
| --- | --- |
| ☐ Yes  ■ No | ☐ NONE  ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
| --- | --- |
| ■ Yes  ☐ No | ☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ■ OTHER (explain) *Insurance Providers* <br> ☐ FAMILIAL  ☐ BUSINESS |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ■ No |
| --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| --- | --- |
| ☐ Yes  ■ No | |
| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| ☐ Yes  ■ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: | 3/5/20 |
| --- | --- |

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 *ACTIONS IN LIEU OF PREROGATIVE WRITS*

**Multicounty Litigation (Track IV)**

| | |
|---|---|
| 271 ACCUTANE/ISOTRETINOIN | 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 297 MIRENA CONTRACEPTIVE DEVICE |
| 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 282 FOSAMAX | 300 TALC-BASED BODY POWDERS |
| 285 STRYKER TRIDENT HIP IMPLANTS | 601 ASBESTOS |
| 286 LEVAQUIN | 623 PROPECIA |
| 287 YAZ/YASMIN/OCELLA | 624 STRYKER LFIT CoCr V40 FEMORAL HEADS |
| 289 REGLAN | 625 FIREFIGHTER HEARING LOSS LITIGATION |
| 291 PELVIC MESH/GYNECARE | 626 ABILIFY |
| 292 PELVIC MESH/BARD | 627 PHYSIOMESH FLEXIBLE COMPOSITE MESH |
| 293 DEPUY ASR HIP IMPLANT LITIGATION | 628 TAXOTERE/DOCETAXEL |
| 295 ALLODERM REGENERATIVE TISSUE MATRIX | 629 ZOSTAVAX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ **Putative Class Action**   ☐ **Title 59**

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-000659-20**

**Case Caption:** THE OCEAN CLUB AT MA NTOLOKING  VS
LEXINGTON INSU

**Case Initiation Date:** 03/05/2020

**Attorney Name:** KARYN ANN BRANCO

**Firm Name:** CUTOLO BARROS LLC

**Address:** 46-50 THROCKMORTON ST
FREEHOLD NJ 07728

**Phone:** 7324141170

**Name of Party:** PLAINTIFF : The Ocean Club at Mantoloking

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO



I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/05/2020
Dated

/s/ KARYN ANN BRANCO
Signed

**OCEAN COUNTY SUPERIOR COURT**
**OCEAN COUNTY COURTHOUSE**
**CIVIL LAW DIVISION**
**TOMS RIVER      NJ 08754**

**TRACK ASSIGNMENT NOTICE**

**COURT TELEPHONE NO. (732) 504-0700**
**COURT HOURS  8:30 AM - 4:30 PM**

                    **DATE:   MARCH 05, 2020**
                    **RE:     THE OCEAN CLUB AT MA NTOLOKING   VS LEXINGTON INSU**
                    **DOCKET: OCN L -000659 20**

     **THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.**

     *THE MANAGING JUDGE ASSIGNED IS:  HON MARK A. TRONCONE*

     **IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 002**
**AT: (732) 504-0700.**

     **THE ABOVE CASE HAS BEEN REMOVED FROM THE EXPEDITED CIVIL ACTIONS (ECA) PILOT**
**PROGRAM PURSUANT TO AN ORDER OF THE COURT.  DISCOVERY IS THE APPLICABLE NUMBER OF DAYS FOR**
**A STANDARD TRACK   2 CASE. RUNNING FROM THE DATE OF THE FILING OF THE FIRST RESPONSIVE**
**PLEADING.**

     **IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A**
**CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.**
     **PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE**
**WITH  R.4:5A-2.**

                    **ATTENTION:**

                    **ATT: KARYN A. BRANCO**
                    **CUTOLO BARROS LLC**
                    **46-50 THROCKMORTON ST**
                    **FREEHOLD         NJ 07728**

**ECOURTS**

NATASHA CARTER
(212) 458-1008
AIG
80 PINE STREET
NEW YORK NY 10005

4 LBS PAK 1 OF 1

**SHIP TO:**
OLATHE SHARED SERVICES
AIG COMPANIES
LEGAL CLAIMS PROCESS
17200 W 119TH ST
**OLATHE KS 66061-7054**

**KS 662 9-25**

**UPS NEXT DAY AIR 1**

TRACKING #: 1Z 6AW 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 0386

BILLING: P/P

Reference No.1: 1279-0000-0418
Reference No.2: none

XOL 20.02.03 NV45 83.0A 12/2019

FOLD HERE

## UPS CVS: View/Print Label

1. **Print the label(s):** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all of your Internet Shipping packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to The UPS Store™, Customer Center or Authorized Shipping Outlet.
   - Drop off your Air Shipments including Worldwide Express SM at one of our 50,000 UPS locations.

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.

AIG 0L02 3/12/2020

